UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME MESA, L.P.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RONALD YAMAMOTO; RUBY GRACE MERCADO; and DOES 1 to 10 INCLUSIVE,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv3043-JLS (BGS)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF No. 1) |

　　　Presently before the Court is Defendants' Notice of Removal ("Removal Notice"). (ECF No. 1.) Defendants assert that jurisdiction is proper because the action "originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)" because Defendants' "Answer to the complaint for unlawful detainer was based on a defective Notice to Pay or Quit" which "depend[s] on the determination of Defendant's [sic] rights and Plaintiff's duties under federal law." (Removal Notice 1–2.)

　　　Federal courts are courts of limited jurisdiction and, as such, may only entertain suits that are properly within the scope of federal jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Although a party may raise a defense of lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), a federal court also has an independent duty

to evaluate subject-matter jurisdiction and may do so at any time, *see id.* at 12(h)(3). The two most common bases of federal subject-matter jurisdiction are (1) diversity of citizenship pursuant to Section 1332, and (2) federal question jurisdiction under Section 1331. Section 1441 authorizes removal under either basis.

Diversity of citizenship jurisdiction requires that the parties are citizens of different States and that the amount "in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). In the present case, Defendants' assertion that the action originally could have been filed in federal court pursuant to Section 1332 is unsupported by any allegations regarding the citizenship of the parties. Furthermore, the underlying Superior Court summons explicitly states that the action is a limited civil case where Plaintiff's demand "does not exceed $10,000." (Removal Notice 6.) Accordingly, this case is not properly before the court under diversity of citizenship jurisdiction; the Court cannot assess the citizenship of the parties, and, even if it could, Plaintiff seeks well less than $75,000.

Federal question jurisdiction provides federal courts with "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, that a potential defense may implicate federal law is not enough to satisfy federal question jurisdiction; the basis for asserting such jurisdiction must appear on the face of a plaintiff's complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.").

In the present case, Plaintiff's complaint is one for unlawful detainer, a cause of action solely arising under California law. (*See* Removal Notice 7 (checked box for "this action is solely for nonpayment of rent (Code Civ. Proc. § 1161(2))").) Accordingly, the Court does not have federal question jurisdiction over the present action.

/ / /

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Given the foregoing, and because the Court has no basis to exercise jurisdiction over this matter, the instant case is **REMANDED** to the Superior Court for the County of San Diego for all further proceedings.

**IT IS SO ORDERED.**

Dated: January 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge